[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commissioner of labor has filed a notice in the Appellate Court complaining that this court's decision fails to comply with the provisions of Practice Book § 4059(a). Specifically, the plaintiff desires articulation of the court's decision affirming the decision of the defendant occupational safety and health review commission holding that Items 1, 2 and 3 of the plaintiff's citation constituted only serious, not wilful violations of the Connecticut Occupational Safety and Health Act.
A description of the violations cited as Items 1, 2 and 3 is contained in this court's decision in City ofNorwich v. Occupational Safety and Health ReviewCommission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 93 053 50 (Oct. 26, 1994, Maloney, J.), which is a companion to CT Page 1333 this appeal. The defendant commission defined a wilful violation as "an act done voluntarily with either intentional disregard of, or plain indifference to, the Act's requirements," citing A. Schonbek Co., Inc. v.Donovan, 646 F.2d 799, 800 (2nd Cir. 1981) and other federal cases in support of that definition. Mere knowledge of the requirements of the regulations coupled with a violation may constitute negligence but does not constitute wilfulness, the commission held, citingSecretary of Labor v. Stone and Webster EngineeringCorp. , 8 BNA OSHC 1753 (July 18, 1980).
After carefully analyzing the facts of the violations in the record of the case before it, the commission determined that violations cited as Items 1, 2 and 3 did not rise to the level of "wilful" as it defined that term.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57 — 58 (1991).
In this case, the court examined the administrative record and determined that there was ample and substantial evidence to support the commission's findings of fact. In light of that evidence, the court did not find that the commission had acted unreasonably in concluding that the citations in question were only serious, not wilful.
As the court also observed in City of Norwich v.Occupational Safety and Health Review Commission, supra, "it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement."Starr v. Commissioner of Environmental Protection, CT Page 1334226 Conn. 358, 372 (1993). Pursuant to General Statutes § 31-377(c), the defendant commission is charged with enforcing the provisions of the Act in an appeal from a citation issued by the plaintiff commissioner of labor. Since that statute provides that the defendant commission may affirm, modify or vacate the plaintiff labor commissioner's citation, as it did here, the court concludes that it must accord greater deference to the commission's interpretation of the Act than it does to the interpretation given by the labor commissioner. To the extent the interpretations given by these two governmental entities differ, the court follows that advocated and applied by the defendant commission.
As noted, the commission determined the level of seriousness of the cited violations based on its interpretation of the Act, guided by federal case law precedent. The court declines to disturb the commission's decision.
For the reasons set forth above and in the court's earlier decision, the plaintiff's appeal is dismissed.
MALONEY, J.